UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RACHEL DENITA BENFIELD** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 5:21-cv-1550-LCB |
| ) | |
| **MATTHEW WELSH,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION & ORDER

Pro se Plaintiff Rachel Denita Benfield brings this suit against Defendant Matthew Welsh under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Doc. 1 at 2–3). Proceeding *in forma pauperis*,[1] Benfield claims that Welsh, a "NASA executive," discriminated against her based on her gender ("woman") and the race of her son ("Half [B]lack"). *Id.* at 2, 5. For the reasons below, the Court dismisses Benfield's claims without prejudice.

In the Eleventh Circuit, a district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam). Under this statute, a court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a

---

[1] (Doc. 6) (granting Benfield's motion to proceed *in forma pauperis*).

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive dismissal under the second category, a complaint must meet the civil pleading standard set forth in Federal Rule of Civil Procedure 8(a) and must assert a facially plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Rodriguez v. Scott*, 775 F. App'x 599, 601–02 (11th Cir. 2019) (per curiam); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere labels, conclusions, and formulaic recitations of a claim are insufficient to meet this standard. *Twombly*, 550 U.S. at 555.

Under Rule 12(b)(6), a complaint must contain facts that assert a facially plausible claim for relief. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam) (quoting *Iqbal*, 556 U.S. at 678). This standard demands "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, a court accepts a complaint's facts as true and construes those facts in

the light most favorable to the pleader. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Finally, federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This leniency, however, does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 F. App'x 501, 501 (11th Cir. 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). A court has broad discretion to manage its *in forma pauperis* cases and to determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam).

In this case, Benfield's complaint fails for three overarching reasons. First, her complaint does not satisfy Rule 8(a)'s pleading standard. To satisfy Rule 8(a), a complaint must include, in part, "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). Here, Benfield's complaint does not contain a demand for any type of relief. Her complaint therefore falls short of the pleading standard of Rule 8(a).

Second, Benfield's complaint fails to state a facially plausible race discrimination claim under Title VII. The antidiscrimination language of Title VII extends only to actions that "affect employment or alter the conditions of the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006). To establish a prima facie case of race discrimination under Title VII, a "plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (per curiam).

Here, Benfield's complaint fails to establish a prima facie case of race discrimination under Title VII.[2] First, Benfield does not allege that she is a member of a protected class; she alleges only that her son is a member of a protected class. Second, Benfield fails to allege that she was employed by Matthew Welsh or NASA during any time relevant to this suit. Nor does she allege that Welsh or NASA subjected her to an adverse employment action. Third, Benfield does not allege that Welsh or NASA treated other employees more favorably than they treated her. Fourth, she has not alleged that she was qualified for her job—or specified what her

---

[2] Benfield does not produce any direct evidence of race discrimination under Title VII.

job was. Benfield's complaint therefore fails to state a facially plausible claim for race discrimination under Title VII.

Lastly, Benfield's complaint fails to state a facially plausible unlawful retaliation claim under Title VII. The antiretaliation provision of Title VII "prohibits retaliation by an employer against an individual because the individual has opposed any practice prohibited by Title VII or made a charge of discrimination." *Callahan v. City of Jacksonville*, 805 F. App'x 749, 752 (11th Cir. 2020) (per curiam). To establish a prima facie case of unlawful retaliation under Title VII, a plaintiff must "show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Here, Benfield's complaint fails to establish a prima facie case of unlawful retaliation under Title VII.[3] First, Benfield does not allege that she engaged in statutorily protected activity. Second, as explained above, Benfield fails to allege that she suffered an adverse employment action. Third, she has identified no causal connection between a protected activity and an adverse employment action. Benfield's complaint therefore fails to state a facially plausible claim for unlawful retaliation under Title VII.

---

[3] Benfield does not produce any direct evidence of unlawful retaliation under Title VII.

\*   \*   \*

In sum, Benfield's complaint falls short of the pleading standard of Rule 8(a) and fails to state a claim for which relief could be granted under Rule 12(b)(6). The Court therefore **DISMISSES** this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Benfield should be aware that this is at least her second dismissal under § 1915(e)(2)(B)[4] and that one more such dismissal will subject her to § 1915's "three strikes" rule. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (explaining that § 1915 only allows a plaintiff "to file three meritless suits" *in forma pauperis* and that, after a third dismissal under § 1915(e)(2)(B), the plaintiff must pay the full filing fee" at the time she initiates suit). The Court will enter a final judgment in this case by separate order.

**DONE** and **ORDERED** December 15, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[4] *See Benfield v. Welsh*, No. 5:21-cv-01549-LCB, Doc. 4 at 3, (N.D. Ala. Dec. 10, 2021) (dismissing a complaint filed by Benfield dunder § 1915(e)(2)(B)).